IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA BARELA, individually and as
Personal Representative of the Estate of
JOSHUA APODACA, and ED APODACA,
individually,

        Plaintiffs,

v.

        No. _____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## NOTICE OF REMOVAL

COMES NOW Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel of record, Miller Stratvert P.A., and hereby gives notice of the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, State Farm states to the Court as follows:

    1.    On May 6, 2014, Plaintiffs filed a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, with case number D-202-CV-2014-03168. *See* Complaint, attached hereto as Exhibit A. In the Complaint, Plaintiffs seek a declaratory judgment that policies of automobile insurance issued by State Farm provide uninsured motorist coverage. Plaintiffs also contend that State Farm breached its contract of insurance with Plaintiffs, and seek to recover compensatory and punitive damages and attorney's fees. *See* Exhibit A, ¶¶ 26, 27 and Prayer for Relief.

### I. The Procedural Requirements for Removal have been Satisfied.

2. The Summons and Complaint were served on State Farm through the New Mexico Superintendent of Insurance and service was accepted on June 30, 2015. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty (30) days of the service of the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) as it is the "district and division embracing the place where such action is pending."

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint as served upon State Farm is attached to this Notice of Removal as Exhibit A. Copies of all other process, pleadings, and orders known by State Farm to have been served upon it, or filed, are attached as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a Notice of Filing Notice of Removal is being filed with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico.

### II. Removal is Proper Because this Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because State Farm is an Illinois corporation with its principal place of business in Illinois and is a citizen and resident of the State of Illinois and Plaintiffs are citizens and residents of the State of New Mexico. Exhibit A, ¶¶ 1-2. Thus, there is complete diversity among the parties.

7. Without admitting any of Plaintiffs' allegations, the aggregate "value" of what Plaintiffs seek to recover in this case exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages,

punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

8. The United States Supreme Court has recently clarified that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

9. Treble damages, punitive damages and attorney fees are considered when calculating the amount in controversy for diversity jurisdiction purposes. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007); *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1339–40 (10th Cir.1998) (a reasonable estimate of attorney fees can be included in the amount in controversy). Due process permits a punitive damages award up to ten times compensatory damages. *See BMW of North America., Inc. v. Gore*, 517 U.S. 559, 581 (1996); *Weidler v. Big J Enterprisess Inc.*, 1998-NMCA-021, ¶ 48, 124 N.M. 591, 953 P.2d 1089.

10. Plaintiffs raised one State Farm uninsured/underinsured motorist insurance policy in their Complaint. Exhibit A, ¶ 5. Plaintiffs allege that they have a "right to receive payment of insurance proceeds to compensate for losses caused by the Uninsured Motorist's conduct under" the policy. *Id.* ¶ 14. On the date of loss, policy #045163331, issued to Brenda C. Barela, was in force and effect and provided coverage pursuant to the terms, conditions and limitations of the policy. Further, the policy is subject to reformation pursuant to *Jordan v. Allstate*, 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214, so as to provide uninsured motorists coverage with limits of $25,000 each person/$50,000 each accident and $25,000 property damage.

11. Although not specifically mentioned in the Complaint, there is another policy that is reasonably at issue. On the date of loss, policy #045163231, issued to Dyamond Apodaca was in force and effect and provided coverage pursuant to the terms, conditions and limitations of the policy. This policy is also subject to reformation so as to provide uninsured motorists coverage with limits of $25,000 each person/$50,000 each accident and $50,000 property damage. Plaintiff counsel has asserted this policy applies as well and requested a confirmation of coverage which State Farm provided. *See* Confirmation of Coverage, attached hereto as Exhibit C.

12. In addition to the uninsured motorist coverage of $50,000, Plaintiffs' Complaint seeks punitive damages and attorneys' fees pursuant to NMSA 1978, §39-2-1. *See* Exhibit A ¶¶ 27, 2. Only considering punitive damages with a ratio of two to one, the amount in controversy is $100,000, plus additional damages, easily meeting the required jurisdictional minimum. Thus, the amount in controversy exceeds the $75,000.00 jurisdictional threshold.

WHEREFORE, State Farm removes this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2014-03168, to the United States Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

        Respectfully submitted,

        MILLER STRATVERT P.A.


        By: /s/ Rudolph A. Lucero
           Rudolph A. Lucero
           Jesika M. Ulibarri
           Attorneys for State Farm Mutual Automobile
             Insurance Company
           P.O. Box 25687
           Albuquerque, New Mexico 87125
           Telephone: (505) 842-1950
           Facsimile:  (505) 243-4408
           rlucero@mstlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically through the CM/ECF system on July 27, 2015, and will be served automatically pursuant to the Court's rules and regulations to the following counsel of record:

Heather K. Hansen
Parnell Law Firm
Post Office Box 8009
Albuquerque, NM  87198-8009


/s/ Rudolph A. Lucero
Rudolph A. Lucero



\\Abq-tamarack\ProData\000065-047396\Drafts\2774550.docx