31-3518-379

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/6/2014 11:54:35 AM
GREGORY T IRELAND

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

BRENDA BARELA, individually and as Personal             Alexander Galindo
Representative of the Estate of JOSHUA
APODACA, and ED APODACA, individually,

           Plaintiffs,

v.                                                      Cause No. D-202-CV-2014-03168

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

           Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COMES NOW, Plaintiff, by and through attorney of record PARNALL LAW FIRM, LLC (Heather K. Hansen), and states:

1. Plaintiff Brenda Barela is a resident of Bernalillo County, New Mexico.

2. Plaintiff Ed Apodaca is a resident of Bernalillo County, New Mexico.

3. Plaintiffs Brenda Barela and Ed Apodaca are the natural, biological parents of Joshua Apodaca, Plaintiff-Decedent.

4. Defendant State Farm Insurance Company (hereinafter State Farm), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Bernalillo County, New Mexico.

5. At all times pertinent hereto, Plaintiff Brenda Barela and Defendant State Farm were insured and insurer respectively under a valid and binding contract for insurance ("Policy"), which provided coverage for injuries and damages suffered through the acts or omissions of

–1–

EXHIBIT A

uninsured or underinsured motorists.

6. The events described in this Complaint occurred in Bernalillo County, New Mexico.

7. Jurisdiction and venue are proper in this Court.

### Facts

8. On or about May 6, 2007, a third party owned or operated a motor vehicle that was uninsured or underinsured ("Uninsured Driver").

9. On the date of incident, Joshua Apodaca was injured and bleeding. The Uninsured Driver contained the injured Joshua Apodaca inside the uninsured motor vehicle, and drove Mr. Apodaca around for 40 minutes before dumping him in front of the hospital. These actions contributed to and/or caused Joshua Apodaca's death.

10. As a result of the Uninsured Driver's actions, Plaintiff was injured and suffered damages.

11. The Uninsured Driver is liable for all of Plaintiff's injuries and damages.

12. The Uninsured Driver's actions occurred during the effective dates of the Policy, which was at that time in full force and effect.

13. Plaintiff reported the claim to Defendant State Farm and provided all requested information and documentation.

14. Plaintiff has performed all conditions precedent to the right to receive payment of insurance proceeds to compensate for losses caused by the Uninsured Motorist's conduct under the aforementioned policy.

### Count 1 – Declaratory Judgment

15. Plaintiffs repeat the above allegations as though set forth in full.

16. Defendant State Farm has failed to provide reasonable offers to settle Plaintiffs' demand for compensation for injuries and damages under the Policy.

17. An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and the insurance policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, NMSA 1978 § 44-6-1 et seq.

18. Plaintiffs request that this Court review the insurance contract, the facts and circumstances, and the applicable law, and issue its Order declaring the parties' respective rights and obligations and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act.

### Count 2 – Breach of Contract

19. Plaintiffs repeat the above allegations as though set forth in full.

20. Plaintiff Brenda Barela was insured for the damages caused in the collision described above.

21. Defendant has failed and refused to pay these damages pursuant to the Policy.

22. Defendant has breached its contractual obligation to pay the damages incurred by its insured

23. As a result of Defendant State Farm's breach of its contractual duties, Plaintiffs have suffered injuries and damages.

### Damages

24. Plaintiffs repeat the above allegations as though set forth in full.

25. As a direct and proximate result of the collision with the uninsured / underinsured motorist, Plaintiffs have suffered injuries and damages that entitled Plaintiffs to compensation

0c141280898980WPSDY1P1 Received 5/8/2014 2:46:51 PM [Eastern Daylight Time]

under the Policy, including but not limited to medical bills, pain and suffering, loss of enjoyment of life, loss of household services, loss of consortium, attorneys fees, and costs of suit, which Defendant has failed to pay in accordance with its contractual and legal obligations.

26. As a direct and proximate result of Defendant State Farm's other wrongful conduct, Plaintiffs have suffered further injuries and damages.

27. Plaintiffs are entitled to recover attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978.

WHEREFORE, Plaintiffs request relief from this Court, including the following items:

1. This Court's Order determining the rights and liabilities of the respective parties as to policy proceeds due and payable under the policy of insurance between Plaintiffs and Defendant State Farm and directing the parties to act in accord therewith.

2. For an award in favor of Plaintiffs and against Defendant State Farm in an amount sufficient to compensate Plaintiff for all compensatory and punitive damages, injuries, losses, attorney's fees, costs, and interest recoverable under the law, including pre-judgment interest, c

3. For such other and additional relief as the Court may deem proper.

Respectfully submitted,

Heather K. Hansen
PARNALL LAW FIRM, LLC
P.O. Box 8009
Albuquerque, NM 87198
(505) 268-6500; FAX (505) 268-8708
Attorneys for Plaintiff